A. GAMMELL & COMPANY, plaintiffs in error, v. William K. SCHLEY, defendant in error.

(Atlanta, June Term, 1870.)

LIVERY STABLE KEEPER'S LIEN—FOR ANY ACCOUNT IN LINE OF BUSINESS—HOW ENFORCED.—A livery stable keeper has, under our law, a lien upon the horses of his customers in his possession, not only for the board of the horses, but for the other accounts against the customers, in the line of the livery stable business, and this lien may be enforced under the statute for enforcing steamboat liens.

Livery Stable Keeper's lien. Pleadings. Before Judge Johnson. Muscogee Superior Court, November Term, 1869.

One of the firm of A. Gammell & Company, on the 13th of April, 1867, made affidavit before the Judge of the County-Court, of said county, that said firm "are doing a livery stable business in the city of Columbus, in said county, and as such keepers of a livery stable, William K. Schley, of said county, was a patron and guest of said firm, and as such is indebted to said firm, in the sum of $674 20, which amount is now due for the hire of horses, and the hire of buggies, and for the board of horses at said livery stable, and that the said William K. Schley, has now in the possession of said firm,

as such keepers of a livery stable, two horses, one a bay mare, and the other a sorrel mare, and that the larger portion of the amount due as above set forth, are the reasonable charges of said firm, as said keepers of a livery stable, for the board of said horses, and for the hire of buggies to use with said horses, and the remainder is for the hire and board of other horses of said William·K. Schley." The affidavit concluded with an averment of a demand and refusal of payment within twelve months. Thereupon, the County-Judge ordered his Clerk to issue a fi. fa, in favor of said firm against Schley, *to be levied on said two mares. It was so issued and levied upon said mares and a set of harness. Schley filed an affidavit averring that said fi. fa., was proceeding illegally, because it was levied upon said harness, because plaintiffs claimed in their affidavit a lien as livery stable keepers, and an uncertain part of their claim is predicated upon a charge for horse hire and buggy hire, and not for things deposited with the firm; because there is no bill of particulars attached to said affidavit, and therefore, it can not be seen for what part of said demand the firm has a lien on said mares, and because Gammell was indebted to him in a larger sum than plaintiffs' demand, and agreed that his private debt, should discharge the firm debt, and therefore he owes the firm nothing.

When this oath of illegality came up for hearing, the attorney for the firm moved to dismiss it, upon what grounds does not appear. The Court overruled the motion, and ordered the fi. fa. quashed, and dismissed the case at the cost of the firm. This order and dismissal are assigned as error.

Peabody & Brannon, for plaintiffs in error, claimed the lien under Irwin's Code, sections 2096, 2097; 7 Car. & P., 68; 30 Ga. R., 474. The affidavit is full enough: Section 1969, Irwin's Code. Ramsey & Ramsey. M. H. Blanford, for defendant.

McCAY, J.

The lien of livery-stable keepers, is, by our Code, placed upon the same footing as that of an inn-keeper. Code, section 2037. It seems to be well settled, by the authorities, that this lien extends in favor of any account in the line of the inn-keeper's business. A livery-stable keeper hires horses and buggies and drivers, as well as feeds horses, and we see no reason for confining his lien to the account for feeding the horses of the defendant below.

Taking the two section of the Code together, sections 2096 and 2097, with the well settled rule, as to the lien of *an inn-keeper, we think it plain that the lien of the livery-man, upon any property of the customer, in his possession, as a stable-keeper, is good, not only for the board of the horses, but for any account in the line of the business.

We do not say this whole account comes within this rule; that

is a question of fact. All we decide is, that upon its face, this proceeding was good, and ought not to have been dismissed.

Judgment reversed.